UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DOUGLAS FANSLER and CHARLENE
FANSLER, husband and wife,

                Plaintiff,

        v.


LAFARGE NORTH AMERICA, INC., a
foreign corporation,


                Defendant.

No. CV-04-5067-FVS

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT

**THIS MATTER** came before the Court pursuant to Plaintiffs' motion for partial summary judgment, Ct. Rec. 23. Plaintiffs Douglas and Charlene Fansler are represented by Bruce Spanner. Defendant LaFarge North America, Inc. ("LaFarge") is represented by Christopher Tompkins. This motion was noted for hearing without oral argument.

**JURISDICTION**

Plaintiffs filed an action for damages in Benton County Superior Court on May 6, 2004. Defendant timely removed the action to this Court on June 4, 2004. 28 U.S.C. § 1441. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiffs are Washington citizens and Defendant is a foreign corporation. Since federal jurisdiction in this case is based on diversity of citizenship, the Court must apply the

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT - 1

substantive law of the State of Washington.  *Erickson v. Desert Palace, Inc.*, 942 F.2d 694, 695 (9th Cir 1991) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

**BACKGROUND**

Plaintiff Douglas Fansler is an employee of Central Pre-Mix, working as a bulk tanker truck driver.  On August 15, 2001, Mr. Fansler went to LaFarge's facility in Pasco, Washington, to load his truck with fly ash.  Prior to August 15, 2001, Mr. Fansler had loaded his truck at LaFarge's Pasco facility on numerous occasions without incident.  Generally, Mr. Fansler's truck was loaded by the manager of the facility, Eric Lundin.  However, on August 15, 2001, the facility was operated LaFarge employee Damon Matthews.[1]

On that date, Mr. Fansler parked his truck under the chute inside the facility to be loaded.  The chute is connected to a silo containing fly ash and cement.  The plant operator, in this case Mr. Matthews, lowers the chute into the top of the truck and turns on the auger which transfers the fly ash from the silo to the truck.  When the truck is being loaded, the loading system forms a seal with the opening in the truck ensuring that the fly ash is completely sealed as it is being transported from inside the silo to the truck.

---

[1] Mr. Matthews worked for LaFarge from March 2001 through October 2003.  Although Mr. Matthews was hired and paid by a temporary employment agency called Manpower, he was supervised directly by Eric Lundin, the manager of LaFarge's Pasco facility. LaFarge does not dispute that Mr. Matthews was its employee and that it is liable for Mr. Matthews' involvement in the incident on August 15, 2001.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

1    Once the truck is positioned properly under the chute, the

2    loading process is controlled by the plant operator from inside the

3    control room.  Before loading a truck, the truck is weighed and the

4    desired amount of fly ash is loaded into the truck based on weight.

5    There is no alarm that sounds when the desired weight is reached.

6    Rather, it is the plant operator's job to watch the scale as the

7    truck is being loaded and shut off the chute delivering the fly ash

8    approximately 5,000 pounds shy of the desired amount.

9    On this particular occasion, after Mr. Fansler parked his

10   truck under the chute to be loaded, he got out and used an air hose

11   to clean off debris from his truck.  Mr. Fansler had gotten out of

12   his truck during the loading process on previous occasions without

13   incident.  Mr. Fansler had never been told to remain in his truck

14   during loading and he was not aware of any requirement that drivers

15   remain in their truck while the truck is being loaded.  There are

16   no rules or posted signs at LaFarge's plant regarding where drivers

17   are supposed to remain during loading.  Although Mr. Matthews

18   observed Mr. Fansler get out of his truck and use the air hose to

19   clean the truck, Mr. Matthews did not instruct Mr. Fansler to

20   remain in his truck.

21   While Mr. Matthews was loading Mr. Fansler's truck, Mr.

22   Matthews was "multitasking".  Although he was checking the scale

23   periodically, Mr. Matthews was also typing up his bills of lading

24   at the same time.  At some point during the loading process, Mr.

25   Matthews looked back to the scale and realized that he should have

26   already turned off the chute.  At the same time he realized this,

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT - 3

he looked up and saw that fly ash was flowing out of the top of the truck hitting the ground and creating lots of dust. The fly ash covered Mr. Fansler, who was standing next to his truck.

Plaintiffs' Complaint alleges that Mr. Fansler suffered personal injuries as a result of inhaling fly ash on August 15, 2001. Plaintiffs contend Mr. Matthews, LaFarge's employee, was negligent in loading Mr. Fansler's truck and that this negligence was the proximate cause of Mr. Fansler's injuries allegedly caused by inhaling fly ash. Plaintiffs also contend Mr. Fansler was not negligent. Plaintiffs now move for summary judgment on LaFarge's negligence and Mr. Fansler's contributory negligence.

**DISCUSSION**

*A.   Summary Judgment Standard*

A moving party is entitled to summary judgment when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 316, 323, 106 S.Ct. 2548, 2552 (1986). Inferences drawn from facts are to be viewed in the light most favorable to the non-moving party, but the non-moving party must do more than show that there is some "metaphysical doubt" as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 572, 586-87, 106 S.Ct. 1348, 1356 (1986). The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). There is no issue for trial "unless there is sufficient evidence favoring the non-moving party for a jury to

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT - 4

1    return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*,

2    477 U.S. 242, 249, 106 S.Ct. 2505, 2511 (1986).  A mere "scintilla

3    of evidence" in support of the non-moving party's position is

4    insufficient to defeat a motion for summary judgment; "there must

5    be sufficient evidence upon which a jury could reasonably find for

6    the non-movant." *Id.* at 252, 106 S.Ct. at 2512.

7        *B.    Negligence*

8        The elements of a negligence cause of action are the existence

9    of a duty to the plaintiff, breach of that duty, and injury to the

10   plaintiff proximately caused by the breach.  *Hertog, ex rel. S.A.H.*

11   *v. City of Seattle*, 138 Wash.2d 265, 275, 979 P.2d 400 (1999).

12   Existence of a duty is a question of law.  *Id.*  Breach and

13   proximate cause are generally fact questions for the trier of fact.

14   *Id.*  However, these questions may be determined as a matter of law

15   if reasonable minds could not differ.  *Id.*

16       1.   <u>Duty</u>

17       "A business invitee is defined as "a person who is invited to

18   enter or remain on land for a purpose directly or indirectly

19   connected with business dealings with the possessor of the land."

20   *Beebe v. Moses*, 113 Wash. App. 464, 467, 54 P.3d 188 (2002).  It is

21   undisputed that Mr. Fansler was LaFarge's business invitee because

22   Mr. Fansler went to LaFarge's Pasco facility to have his truck

23   loaded with fly ash.  Therefore, LaFarge had a duty to use

24   reasonable care to protect Mr. Fansler from dangerous conditions on

25   the premises of LaFarge's Pasco facility.  *Nivens v. 7-11 Hoagy's*

26   *Corner*, 133 Wash.2d 192, 198, 943 P.2d 286 (1997) (citations

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT - 5

1  omitted).  This includes a duty to ascertain and warn of dangerous

2  conditions.  *Id.*

3       2.  <u>Breach</u>

4       LaFarge does not dispute that it breached its duty to use

5  reasonable care to protect Mr. Fansler from dangerous conditions

6  when Mr. Matthews failed to stop the loading process when necessary

7  and overflowed Mr. Fansler's truck with fly ash.  Defendant

8  acknowledges that overflowing Mr. Fansler's truck was the result of

9  Mr. Matthews' negligence as the plant operator and Mr. Fansler did

10  nothing to contribute to the fly ash overflowing from the truck.

11  However, LaFarge does dispute that overflowing Mr. Fansler's truck

12  was the proximate cause of Mr. Fansler being covered in fly ash.

13       3.  <u>Proximate Cause</u>

14       There are two elements of proximate cause: legal causation and

15  cause in fact.  *Schooley v. Pinch's Deli Mkt., Inc.*, 134 Wash.2d

16  468, 478, 951 P.2d 749 (1998).  There is cause-in-fact if the

17  plaintiff's injury would not have occurred "but for" the

18  defendant's negligence.  *Hertog*, 138 Wash.2d at 282-83, 979 P.2d

19  400.  "Legal causation rests on considerations of policy and common

20  sense as to how far the defendant's responsibility for the

21  consequences of its actions should extend."  *Id.* at 283, 979 P.2d

22  400 (internal quotations and citations omitted).  Proximate cause

23  may be a question of law for the Court if the facts are undisputed,

24  the inferences are plain and unescapable, and reasonable minds

25  could not differ.  *Peterson v. State*, 100 Wash.2d 421, 436, 671

26  P.2d 230 (1983).

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT - 6

1    LaFarge argues that a "jury could reasonably find that

2    plaintiff failed to exercise due care under the circumstances and

3    that his choice to remain in a position where he was exposed to an

4    overflow of fly ash was the <u>sole</u> proximate cause of his alleged

5    injuries."  Defendant's Opposition to Plaintiffs' Motion for

6    Partial Summary Judgment, 8 (emphasis in original).  Essentially,

7    LaFarge is arguing that Mr. Fansler was also negligent and that his

8    contributory negligence, not LaFarge's negligence, was the

9    proximate cause of Mr. Fansler being covered in fly ash.

10    Even if the Court determines there is evidence creating an

11    issue of fact as to whether Mr. Fansler was negligent, summary

12    judgment is still proper here on the issue of LaFarge's negligence.

13    LaFarge appears to argue that Mr. Fansler's contributory negligence

14    acts as a intervening cause, barring the Court from entering

15    summary judgment on the issue of LaFarge's negligence.  However,

16    contributory negligence does not bar recovery, it only diminishes

17    proportionally, the amount of damages awarded.  RCW 4.22.005.

18    Therefore, while Mr. Fansler's damages may be reduced if he was

19    negligent, this does not preclude the Court from finding LaFarge

20    negligent as a matter of law.  *See Clements v. Blue Cross of*

21    *Washington and Alaska, Inc.*, 37 Wash.App. 544, 682 P.2d 942

22    (1984)(affirming grant of summary judgment on defendant's

23    negligence and remanding for trial on issue of plaintiff's

24    contributory negligence).

25    The facts are undisputed.  No issue of fact remains with

26    respect to LaFarge's negligence.  LaFarge breached its duty to use

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT - 7

reasonable care to protect Mr. Fansler from dangerous conditions. "But for" Mr. Matthews' failure to properly stop the loading process when necessary, the fly ash would not have spilled over the truck covering Mr. Fansler.  Reasonable minds could not differ on the conclusion that LaFarge's breach of its duty was a proximate and legal cause of the spilling of fly ash on Mr. Fansler. Accordingly, the Court grants Plaintiffs' motion for partial summary judgment on the issue of LaFarge's negligence.

   C.   Contributory Negligence

   "Contributory negligence is conduct on the part of the plaintiff, contributing as a legal cause to the harm he has suffered, which falls below the standard to which he is required to conform for his own protection." *Geschwind v. Flanagan*, 121 Wash.2d 833, 838, 854 P.2d 1061 (1993)(citing W. Page Keeton et al., *Prosser and Keeton on Torts*, § 65, at 451 (5th ed. 1984).  In determining whether a person was contributorily negligent, "the inquiry is whether or not he exercised that reasonable care for his own safety which a reasonable man would have used under the existing facts and circumstances and, if not, was his conduct a legally contributing cause of his injury." *Rosendahl v. Lesourd Methodist Church*, 68 Wash.2d 180, 182, 412 P.2d 109 (1966).  "A plaintiff's negligence relates to a failure to use due care *for his own protection* whereas a defendant's negligence relates to a failure to use due care *for the safety of others*." *Geschwind*, 121 Wash.2d at 833, 854 P.2d 1061 (emphasis in original).  The general rule is that the question of contributory negligence is one for the

jury to determine.  *Baxter v. Greyhound Corp.*, 65 Wash.2d 421, 397 P.2d 857 (1964); *Hough v. Ballard*, 31 P.3d 6, 10, 108 Wash. App. 272 (Div. 2, 2001) (holding that the issue of contributory negligence is a jury question unless "all reasonable minds would agree that the plaintiff exercised the care a prudent person would have exercised under the circumstances.").  A finding of contributory negligence as a matter of law should be made only in the clearest of cases and when reasonable minds could not have differed in their interpretation of a factual pattern.  *Browning v. Ward*, 70 Wash.2d 45, 48-49, 422 P.2d 12 (1966); *Bordynoski v. Bergner*, 97 Wash.2d 335, 340, 644 P.2d 1173 (1982).

Here, although LaFarge does not dispute any of the material facts surrounding the incident in question, it argues that the issue of Mr. Fansler's contributory negligence should be submitted to a jury because reasonable men could reach different conclusions as to whether a reasonable prudent person would have acted as Mr. Fansler did under the circumstances.  To support its argument that Mr. Fansler was contributory negligent, LaFarge relies on the depositions of Mr. Fansler and Mr. Matthews.  LaFarge cites portions of Mr. Fansler's deposition showing that Mr. Fansler was aware of the loading procedures.  LaFarge argues that because of this knowledge, Mr. Fansler should have recognized the inherent risks associated with standing outside his truck while it was being loaded.  LaFarge also cites the following statement from Mr. Matthews' deposition:  "It is common knowledge that all the drivers stay in their trucks because you never know when an accident will

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 9

1  happen."

2      On the present record, the Court cannot conclude as a matter

3  of law that all reasonable minds would agree that Mr. Fansler

4  exercised the ordinary care or such care as a reasonable person

5  would have exercised under the same or similar circumstances.

6  Looking at the facts in the light most favorable to LaFarge, there

7  is evidence sufficient to raise questions of material fact as to

8  whether Mr. Fansler failed to exercise due care for his own safety

9  when he stepped out of his truck while it was being loaded.

10 Therefore, the issue of Mr. Fansler's contributory negligence is a

11 jury question.  Accordingly, the Court denies Plaintiffs' motion

12 for partial summary judgment on the issue of contributory

13 negligence.

14     **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial

15 Summary Judgment, **Ct. Rec. 23**, is **GRANTED IN PART AND DENIED IN**

16 **PART**, as indicated in the Court's Order set forth above.

17     **IT IS SO ORDERED.**  The District Court Executive is hereby

18 directed to enter this Order and furnish copies to counsel.

19     **DATED** this __21st___ day of June, 2005.

20

21          ____s/ Fred Van Sickle_____
                 Fred Van Sickle

22          Chief United States District Judge

23

24

25

26

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT - 10